# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1407V
UNPUBLISHED

| | |
|---|---|
| ALANNA K. INFINGER,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 9, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Miriam A. Johnson*, Berman & Simmons, P.A.,, for petitioner.

*Traci R. Patton*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On September 14, 2018, Alanna K. Infinger filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act").  Petitioner alleges that that as a result of an influenza ("flu") vaccine she received on October 12, 2017, she suffered a left-sided shoulder injury related to vaccine administration ("SIRVA"). Petition at Preamble, ¶ 4.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 9, 2020, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA.  On April 9, 2020, Respondent filed a combined Rule 4(c) Report and proffer on award of compensation ("Rule 4/Proffer") indicating Petitioner should be awarded $86,927.85 (comprised of $62,500.00 for pain and suffering, $21,987.81 for lost wages, and $2,440.04 for past unreimbursable expenses).  Rule

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

4/Proffer at 6.  In the Rule 4/Proffer, Respondent represented that Petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4/Proffer.

      Pursuant to the terms stated in the Rule 4/Proffer, **I award Petitioner a lump sum payment of $86,927.85 (comprised of $62,500.00 for pain and suffering, $21,987.81 for lost wages; and $2,440.04 for past unreimbursable expenses) in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

      The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                     **s/Brian H. Corcoran**
                                     Brian H. Corcoran
                                     Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.